COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:  David Villalpando v. The State of Texas

Appellate case number:   01-16-00593-CR

Trial court case number:  1448180

Trial court:                 176th District Court of Harris County

The complete record was filed in the above-referenced appeal on October 17, 2016, making appellant's brief due on November 16, 2016. *See* TEX. R. APP. P. 38.6(a). On December 9, 2016, the Clerk of the Court notified appellant's appointed counsel, Daucie Shindler, that a brief had not been filed and required a response within 10 days. *See* TEX. R. APP. P. 38.8(b)(2). Appellant's counsel did not respond. On January 5, 2017, a second notice was sent requesting a response within 10 days. Appellant's counsel, again, failed to respond and has not filed a brief on appellant's behalf.

We abate the appeal and remand the cause to the trial court to conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's appointed counsel, Daucie Shindler, shall be present. At the trial court's discretion, appellant may be present for the hearing in person or, if incarcerated, he may participate in the hearing by closed-circuit video teleconferencing.

We direct the trial court to:

1) determine whether appellant still wishes to pursue this appeal;
2) if appellant wishes to pursue this appeal, determine whether good cause exists to relieve Daucie Shindler of her duties as appellant's counsel;
   a. if good cause exists to remove counsel, the trial court shall enter a written order relieving Daucie Shindler of her duties as appellant's counsel, including in the order the basis for finding

good cause for her removal, and appoint substitute appellate counsel, at no expense to appellant;

    b. if good cause does not exist to remove counsel, the trial court shall provide a final deadline by which Daucie Shindler must file appellant's brief, which shall be no more than **30 days** from the date of the hearing;

3) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations; and

4) make any other findings and recommendations the trial court deems appropriate.

*See* TEX. CODE CRIM. PROC. art. 1.051(a), (c), (d)(1), 26.04(j)(2); TEX. R. APP. P. 38.8(b).

The court coordinator of the trial court shall set a hearing date no later than **30 days** from the date of this order and notify the parties and the Clerk of this Court of such date. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within **30 days** of the date of the hearing. The court reporter is directed to file the reporter's record of the hearing within **30 days** of the date of the hearing. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within **30 days** of the date of this hearing.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court.

It is so ORDERED.

Judge's signature: /s/ Rebeca Huddle
                Acting individually

Date: February 9, 2017